IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| STEVEN WAYNE KEEFE, | Cause No. CV 17-07-GF-BMM-JTJ |
| Petitioner, | |
| vs. | ORDER |
| LEROY KIRKEGARD, | |
| Respondent. | |

Petitioner Steven Wayne Keefe seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Keefe challenges his 1986 convictions for burglary and three counts of deliberate homicide. (Doc. 1 at 2-3.) Keefe argues because he was a juvenile at the time of his sentencing and was not afforded individualized jury sentencing which took into account the distinct attributes of his youth, his life sentence without the possibility of parole violates the Supreme Court's decisions in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016).

As Keefe acknowledges, he has previously filed two federal habeas petitions in this Court challenging the 1986 convictions: *Keefe v. Gamble*, Cause No. CV-93-138-GF-PGH, Or. (D. Mont. May 2, 1994); and *Keefe v. Mahoney*, Cause No. CV-04-119-GF-SEH, Or. (D. Mont. June 23, 2005). *See also* (Doc. 1 at 4-5.) Keefe again seeks to challenge the 1986 convictions. Thus, Keefe's present

1

petition is second or successive in nature.

Even where a petitioner presents a new claim resting upon new law, the petitioner is still required to obtain leave of the Court of Appeals to maintain the successive petition. 28 U.S.C. § 2244(b)(3)(A). Keefe is apparently cognizant of this fact and has filed an Application for Leave to File a Second or Successive Petition with the Ninth Circuit Court of Appeals. *See Keefe v. Kirkegard*, No. 17-70223, App. (filed Jan. 24, 2017.)

Until Keefe obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court lacks jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). To the extent that Keefe is concerned about statutory time bars, the Court notes that the filing of a second or successive application with the Court of Appeals tolls the one-year statute of limitations applicable to federal habeas cases and the limitations period remains tolled until the Court of Appeals rules on the application. *Orona v. United States*, 826 F. 3d 1196, 1199 (9th Cir. 2016).

Keefe has also requested this Court stay his petition while he attempts to exhaust his *Miller/Montgomery* claim in the Montana state courts. *See generally* (Doc. 3). Keefe's attempts at exhaustion, however well intended, do not cure this Court's lack of jurisdiction.

Accordingly, IT IS HEREBY ORDERED:

1. Keefe's petition (Doc. 1) is DISMISSED without prejudice. Mr. Keefe may refile in this Court if and when the Ninth Circuit grants him leave to do so.

2. Mr. Keefe's Motion for the Admission of Pro Hac Vice Counsel (Doc. 2) is DENIED as moot in light of the finding that this Court lacks jurisdiction. The Clerk of Court is directed to reimburse the filing fee to counsel. If and when Mr. Keefe refiles his habeas petition, he will then need to move for the admission of pro hac vice counsel pursuant to Local Rule 83.1(d).

3. Mr. Keefe's Motion to Stay (Doc. 3) is DENIED.

DATED this 8th day of February, 2017.

Brian Morris
United States District Court Judge